

DAVID F. SORENSEN / *MANAGING SHAREHOLDER*
d 215.875.5705  m 267.979.8943 | dsorensen@bm.net

November 21, 2019

**VIA ECF**

The Honorable Harvey Bartle III
United States District Court
Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street
Room 16614
Philadelphia, PA 19106

    Re:   King Drug Co. of Florence, Inc., et al. v. Abbott Laboratories, et al.
            Case No. 19-cv-3565

Dear Judge Bartle:

    Plaintiffs write to inform Your Honor that (1) the three Direct Purchaser Plaintiffs (Rochester Drug Co-Operative, Inc.; Louisiana Wholesale Drug Co., Inc.; and Meijer, Inc. and Meijer Distribution, Inc. ("Meijer")); and (2) the Retailer Plaintiffs (American Sales Company, Inc.; Caremark, L.L.C.; CVS Pharmacy, Inc.; Eckerd Corporation; HEB Grocery Company, LP; JCG (PJC), USA, LLC; Maxi Drug, Inc.; Rite Aid Corporation and Rite Aid Hdqtrs. Corp.; Safeway Inc.; Supervalu Inc.; and Walgreen Co.); all scheduled for trial in February 2020 in *In re AndroGel Antitrust Action*,1:09-MD-2084 (N.D. Ga.), have entered into settlement agreements with defendants Par Pharmaceutical, Inc. and Paddock Laboratories, Inc. *See* Attachment A.

    The Retailer Plaintiffs previously settled with defendants Solvay and Watson, both in the Georgia action pending before Judge Thrash, and in their previously filed cases before Your Honor.  This means that no Retailer Plaintiff has any case pending in either Georgia or Pennsylvania as to allegations relating to AndroGel.  This development directly relates to Defendants' argument that the *King Drug* action should be transferred to Georgia.

    Defendants have argued, citing *In re Fine Paper Litig. State of Wash.*, 632 F.2d 1081 (3d Cir. 1980), that the Retailer Plaintiffs in Georgia were proceeding under partial assignments from several of the Plaintiffs here, and that under *Fine Paper*, the partial assignors (several of the Plaintiffs before Your Honor) should not be permitted to litigate in a different jurisdiction than their assignees.  Plaintiffs disagree, and have stated that, *inter alia*,

1818 MARKET STREET, SUITE 3600
PHILADELPHIA, PA 19103
215.875.3000 | **BERGERMONTAGUE.COM**



November 21, 2019
Page 2 of 2

Defendants have effectively consented to partial assignees and assignors litigating separately. Today's announcement of a settlement, however, moots the entire *Fine Paper* issue. The Retailer Plaintiffs (the partial assignees) now have settled with all defendants in Georgia and in Pennsylvania. The three remaining, relatively small, Direct Purchaser Plaintiffs scheduled for trial in Georgia are not proceeding under assignments from any Plaintiff in the *King Drug* action. Moreover, the Plaintiffs before Your Honor in *King Drug* have, collectively, claims far larger than the remaining three Direct Purchaser Plaintiffs in Georgia.

The only assignee of a Plaintiff in this case still proceeding in Georgia is Giant Eagle, Inc., which has a partial assignment from McKesson Corp. Notably, Giant Eagle (1) originally filed suit in the Western District of Pennsylvania, and seeks remand to that court for trial; and (2) is not scheduled to be part of the February trial before Judge Thrash.[1]

                                                Respectfully,

                                                /s/ David F. Sorensen

                                                David F. Sorensen

cc:    All counsel of record (via ECF)

---

[1] As explained in in Plaintiffs' Oppositions to Defendants' Motion to Transfer, Defendants mistakenly assert that Meijer is an assignee of Plaintiff FWK Holdings, LLC; but that is incorrect. *See* ECF Nos. 64, at 8 n. 24; No 75-1, at 2.

# ATTACHMENT A

**From:** Scott Perwin <sep@kennynachwalter.com>
**Sent:** Thursday, November 21, 2019 4:29 PM
**To:** 'Charlotte Diggs'; Elena Chan; Singla, Rohit; Barry Refsin; Benjamin Greenblum; Brian Hill; Bruce Gerstein; David Sorensen; Ellen Noteware; Eric Grannon (egrannon@whitecase.com); Kenneth S. Canfield (kcanfield@dsckd.com); Monica Kiley; Paul M. Eckles (paul.eckles@skadden.com)
**Subject:** In re Androgel Antitrust Litigation, No. 1:09-md-2084-TWT

Dear Ms. Diggs:

I am writing to let the Court know that Par/Paddock has entered into written settlement agreements with all of the plaintiffs scheduled to go to trial in February--the Retailer Plaintiffs (excluding Giant Eagle), Louisiana Wholesale, Rochester Drug and Meijer. Once the agreements have been performed the settling plaintiffs will file notices of dismissal.

Since the Retailer Plaintiffs (excluding Giant Eagle) previously settled with the other two defendants, these settlements mean that the Retailer Plaintiffs (excluding Giant Eagle) and Par/Paddock have now settled all of the claims scheduled to be tried in February. Counsel for those parties respectfully request that they be excused from attending the in-person conference scheduled for December 4 or, alternatively, that they be allowed to participate by phone.

Respectfully,

**Scott E. Perwin, Esq.**
sperwin@knpa.com

**Kenny Nachwalter, P.A.**
Four Seasons Tower
1441 Brickell Avenue
Suite 1100
Miami, FL 33131

Tel. 305-373-1000
Fax: (305) 372-1861
www.knpa.com

This communication is confidential and is intended to be privileged pursuant to applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this message in error, please notify Kenny Nachwalter P.A. immediately by telephone (305-373-1000) and by electronic mail to: admin@knpa.com and then delete this message and all copies and backups thereof.

Please consider the environment before printing this email