IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KING DRUG CO. OF FLORENCE, INC., et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ABBOTT LABORATORIES, et al. | : | NO. 19-3565 |

MEMORANDUM

Bartle, J.                                                      August 22, 2024

      This civil antitrust action concerns allegations of anticompetitive conduct by brand and generic pharmaceutical drug manufacturers. Plaintiffs[1] are direct-purchase wholesalers of pharmaceutical drugs. They aver that the brand defendants[2] brought meritless patent infringement lawsuits to enforce the '894 patent against the generic defendants[3] to maintain the brand defendants' patent monopoly of a topical testosterone gel drug

---

[1]. Plaintiffs are: King Drug Company of Florence, Inc.; AmerisourceBergen Corp.; AmerisourceBergen Drug Corp.; Bellco Drug Co.; H.D. Smith, LLC; Cardinal Health, Inc.; The Harvard Drug Group, LLC; McKesson Corp.; J.M. Smith Corp. (d/b/a Smith Drug Co.); Burlington Drug Co., Inc.; The North Carolina Mutual Wholesale Drug Co.; Dakota Drug Inc.; Value Drug Co.; and FWK Holdings, LLC.

[2]. Brand defendants are the following pharmaceutical drug manufacturers: Abbott Laboratories; AbbVie Inc.; AbbVie Products LLC (f/k/a Abbott Products LLC f/k/a Abbott Products, Inc. f/k/a Solvay Pharmaceuticals, Inc.); Unimed Pharmaceuticals, LLC (f/k/a Unimed Pharmaceuticals, Inc.); and Besins Healthcare, Inc. (f/k/a Laboratoires Besins-Iscovesco and Besins-Iscovesco U.S., Inc.).

3. Generic defendants are the following pharmaceutical drug manufacturers: Actavis Holdco, U.S. Inc.; Actavis, Inc. (f/k/a Watson Pharmaceuticals, Inc.); Paddock Laboratories, Inc.; and Teva Pharmaceuticals USA, Inc.

product.  Plaintiffs further allege that the generic defendants were complicit in this anticompetitive scheme by then accepting reverse settlement payments from the brand defendants in exchange for delaying the entry of competing generic drug products.

Plaintiffs move to have this court enter an order requiring all of the defendants "to make an election stating certain subjective beliefs on which they intend to rely in this case and whether in doing so they intend to waive [attorney-client] privilege as to those beliefs."  Pls.' Mot., at 1 (Doc. #362).  Specifically, plaintiffs seek elections as to the subjective beliefs of defendants' decisionmakers in the underlying patent actions and settlements "relating to patent strength, settlement negotiations and strategy, and how Defendants would have conducted themselves absent the challenged payments."  Pls.' Supp. Br., at 2 (Doc. #362-1).

It is undisputed that defendants' subjective beliefs on these matters are highly relevant to plaintiffs' antitrust claims.  The Supreme Court has made clear that in cases involving reverse settlement payments, "the relevant antitrust question" is "[w]hat are th[e] reasons" for the payment. <u>F.T.C. v. Actavis, Inc.</u>, 570 U.S. 136, 158 (2013).  "If the basic reason is a desire to maintain and to share patent-generated monopoly profits, then, in the absence of some other

justification, the antitrust laws are likely to forbid the arrangement." Id.

Plaintiffs have filed the pending motion to ferret out whether defendants will waive the attorney-client privilege and rely on the advice of counsel or will assert the privilege and simply rely on non-privileged bases for the subjective beliefs of their decisionmakers.[4]

Defendants declare several times in their brief in opposition to the pending motion that they have not and will not waive the attorney-client privilege:

> To the extent Plaintiffs seek an election as to an advice of counsel affirmative defense, none of the undersigned Defendants have [sic] asserted or intend to assert an "advice of counsel" defense on any issue addressed by Plaintiffs' motion.
>
> . . . .
>
> Defendants here have answered and made clear they do not intend to pursue an advice of counsel defense on any issue covered by Plaintiffs' motion.

Defs.' Opp'n Br., at 4, 9 (Doc. #370). Even so, plaintiffs are concerned that defendants may engage in a bait-and-switch. They fear that at the eleventh hour defendants will waive the privilege and try to introduce evidence of their attorneys'

---

4.  The attorney-client privilege of course cannot be deemed waived simply because defendants' communications with counsel may be relevant to the issue at hand. Rhone-Poulenc Rorer Inc. v. Home Indem. Co., 32 F.3d 851, 863 (3d Cir. 1994).

advice and communications to support their defenses, for example as to the strength of the '894 testosterone gel patent in issue. Plaintiffs argue that if waiver occurs at the last minute, it will be trial by ambush.  The court, in their view, will then have to interrupt and delay trial not only to rule on the issue of waiver but also to decide whether defendants must provide relevant discovery.  Even if there is no formal waiver by defendants, plaintiffs submit that the answers of decisionmakers at trial to questions on direct and cross-examination are likely to disclose reliance or to imply reliance on the advice of counsel and thus raise issues related to waiver of the privilege.

It is not possible to anticipate pretrial all questions which will be asked of a witness at trial on either direct or cross-examination or the answers that will be forthcoming.  Nor can the court determine in advance if and in what form the waiver of attorney-client privilege may be implicated at trial.  While the court sympathizes with plaintiffs' desire to have all such issues decided before trial and to have the trial proceed smoothly and without surprise, this worthy goal simply cannot always be realized even in this post 1938 era when fulsome pretrial discovery is available.  The election by defendants which plaintiffs seek via the pending motion will surely not achieve that goal.

-5-

      Plaintiffs have the means through interrogatories, depositions, motions to compel, and motions in limine to learn the subjective beliefs of defendants' decisionmakers on all subjects relevant to this action. These traditional tools concededly will not put to rest all of plaintiffs' concerns. Nonetheless, what plaintiffs seek here is neither a more efficient nor a more efficacious procedure than the use of the tools presently available.

      The motion of plaintiffs to compel defendants to make an election stating their subjective beliefs will be denied.

      Defendants have represented to the court that they will not invoke reliance on the advice of counsel with respect to any of the issues raised in plaintiffs' motion. Defendants are now locked in. The court in the interest of fairness will not permit them to reverse course.